Rhea v. Rhea.

## PATSEY RHEA v. SAMUEL RHEA et al.

1. HOMESTEAD. *Power of husband to alienate.* The husband cannot alienate the homestead without the consent of the wife, nor can he deprive her of her right to its use by his wrongful act.

2. SAME. *Same. Whom the alienation affects.* The husband's conveyance is operative against himself alone and does not affect the rights of the wife.

3. SAME. *In what lands the wife may claim homestead.* Since the act of 1879, the wife may assert her claim to homestead to any lands to which the right attaches under the act, unless she has divested herself of the right by joining the husband in the conveyance of it in mode prescribed by statute.

### FROM HANCOCK.

Appeal from the Chancery Court at Sneedville.      H. C. SMITH, Ch.

H. F. COLEMAN and H. H. INGERSOLL, for complainant.

H. T. CAMPBELL for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed by complainant in 1884, against her husband, Samuel Rhea, and Davidson and wife, purchasers of said Samuel, of a small tract of land for $300. The bill prays for a divorce and for a homestead in the land sold to Davidson and wife in 1882.

In 1860, said Samuel Rhea abandoned his wife, and went to California with a loose woman whom he

had been keeping, and remained away nine years, and returned with the same woman to near his former residence. In 1875 he purchased the land in question, and kept upon it the woman until she was succeeded by another of like character.

The defendant, Samuel, owned two small tracts of land in Hancock county, each worth about $300, and lived upon the one in controversy, apart from his wife, at the time of his sale to Davidson and wife, having previously sold and conveyed the other. His wife refused to unite in the conveyance.

The chancellor decreed a divorce, and gave complainant a decree for the tract of land, and awarded a writ of possession. Davidson and wife appealed, and the Referees have recommended an affirmance of the decree. To their report appellants except:

First. Because complainant never lived upon, or in any way enjoyed the rents and profits of the land.

Second. Because the defendant, Samuel, has never lived with complainant since he bought the land, sold and conveyed to Davidson and wife, the latter being purchasers without knowledge of complainant's claim to the land.

We do not think either ground of exception is well taken. The act of 1879 exempts $1,000 of real estate belonging to the head of a family, whether living upon it or not. The husband is the head of the family, and it is exempt for his use and the use of the wife and children. He cannot alienate it without her consent, nor can he deprive her of her right to its use by his wrongful act. His convey-

ance is operative against himself alone, and does not affect the wife's rights.

Since the act of 1879, the wife may assert her claim to homestead to any land to which the right attaches under that act, unless she has divested herself of the right by joining him in the conveyance of it in the mode prescribed by the statutes. This she has not done, and the want of knowledge by Davidson and wife that the wife had such claim or right cannot protect them against the consequences which the law attaches to their failure to obtain her consent to the sale.

The result is, the report of the Referees recommending an affirmance of the decree is approved, and the chancellor's decree will be affirmed.